# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | ) | 1:10cv01612 LJO DLB |
| | ) | |
| Plaintiff, | ) | ORDER REMANDING ACTION |
| | ) | TO STATE COURT |
| v. | ) | |
| NELSON DEAMICIS; RUTH DEAMICIS, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants Nelson Deamicis and Ruth Deamicis ("Defendants"), proceeding pro se, removed this action from the Kern County Superior Court on September 7, 2010.[1]

**DISCUSSION**

The underlying complaint is an unlawful detainer action filed by Plaintiff U.S. Bank National Association on July 15, 2010, in Kern County Superior Court.

Removal to federal court is proper where the federal court would have original subject-matter jurisdiction over the complaint. 28 U.S.C. § 1441. If after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). These removal statutes are strictly construed against removal

---

[1] Defendants also filed a motion to proceed in forma pauperis, but only Defendant Nelson Deamicis submitted an application. However, as discussed more fully in this order, the motion to proceed in forma pauperis is essentially moot because the Court lacks subject matter jurisdiction over this action.

1

and place the burden on defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

Here, Defendants assert that removal is proper based on federal question. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. Vaden v. Discovery Bank, 129 S.Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. at 1273.

Defendants have failed to demonstrate that the action arises under federal law. Although Defendants assert a violation of federal law in the notice of removal, such notice cannot provide the Court with federal jurisdiction. Plaintiff's complaint states only a cause of action for unlawful detainer. An unlawful detainer action arises under state law and does not involve any federal claims. Accordingly, Defendants have failed to show that removal is proper based on a federal question.

Defendants also attempt removal on the basis diversity of citizenship. District courts have diversity jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here the plaintiff does not claim damages in excess of [the jurisdictional amount] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [the jurisdictional amount], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied." Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir.1997) (quoting Gaus, 980 F.2d at 567).

Defendants have not established diversity of citizenship. In the notice of removal, Defendants claim, without any factual support, that the action exceeds the jurisdictional amount of $75,000. Notice of Removal, ¶ 9. However, a review of the attached documents demonstrates that the Plaintiff's unlawful detainer action was filed as a "Limited" civil action in which the amount demanded is $25,000 or less. The caption of the Complaint in Unlawful Detainer states

1  that the amount demanded does not exceed $10,000, and the relief requested is limited to
2  possession of the premises and costs of suit. Doc. 1. Accordingly, Defendants have failed to
3  establish the jurisdictional amount.
4      Based on the above, Defendants have failed to show that removal is proper and therefore
5  this Court lacks subject matter jurisdiction.

## ORDER

7      The Court ORDERS that this action be REMANDED to Kern County Superior Court.

10      IT IS SO ORDERED.
11      Dated:   **September 13, 2010**           **/s/ Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE